UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|                                      |                                        |
|--------------------------------------|----------------------------------------|
| JANET K. LUCAS,                      | Case No. 1:09-cv-920                   |
| Plaintiff,                           | HONORABLE PAUL L. MALONEY              |
| v.                                   | Magistrate Judge Joseph G. Scoville    |
| COMMISSIONER OF SOCIAL SECURITY,     |                                        |
| Defendant,                           |                                        |

# ORDER

**Adopting the R&R without Objection;
Affirming the Commissioner's Denial of Social Security Disability Benefits;
Terminating and Closing the Case**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who issued a Report and Recommendation ("R&R") on July 6, 2010. A party has fourteen days to file objections after being served with an R&R ten, *see Esch v. Soc. Sec. Admin.*, 2010 WL 432265, *1 n .1 (W.D. Mich. Jan. 25, 2010) (Maloney, C.J.) (citing FED. R. CIV. P. 6(a)(1)(A)). The fourteen days did not start until the day after the parties were served, and the court counts all calendar days, including weekends and federal holidays, *see Esch*, 2010 WL 432265 at *1 n.1 (citing FED. R. CIV. P. 6(a)(1)(A) and (B)).

Service of an electronically filed document on a registered attorney is deemed complete upon the transmission of an NEF [Notice of Electronic Filing] to that attorney. Accordingly, the court

finds that plaintiff's counsel was served with the R&R on the same date that it was issued and electronically filed by the Magistrate Judge: Tuesday, July 6, 2010. *See Swift v. SSA*, 2009 WL 198526, *2 (W.D. Mich. Jan. 27, 2009) (applying W.D. MICH. LCIVR 5.7(d)(i)(ii), Service of Electronically Filed Documents - Service on Registered Attorneys, to find that counsel was served with R&R on the same date it was issued). In computing any period of time specified by the Federal Rules of Civil Procedure, a statute, a court order, or our local rules, the court excludes the day of the act or event from which the period begins to run. *Southall v. City of Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing FED. R. CIV. P. 6(a)). Thus, the fourteen-day objection period began on Wednesday, July 7, 2010, the day *after* Lucas's counsel was electronically served with the R&R. Therefore, Lucas's objection deadline was midnight on Tuesday, July 20, 2010.

It is possible that the plaintiff was entitled to an extra three days because the Rules still allow three days for her brief to "arrive" at the Clerk's Office – a vestige of the times when even parties represented by counsel filed documents by mailing or hand-delivering paper documents to the courthouse. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.) ("'The additional three days to do an act or take a proceeding after service of a document applies when service is made electronically, by virtue of FED. R. CIV. P. 6(d).'") (quoting W.D. MICH. LCIVR 5.7(i)(v), Effect on Time Computation). "Although this rule makes little sense in the age of electronic filing and service," *Lopez v.* SSA, 2009 WL 261191, *2 (W.D. Mich. Feb. 4, 2009) (Maloney, C.J.), this court is obligated to follow it until it is amended. Allowing the extra three days for "mailing", the plaintiff's objections were due on Friday, July 23, 2010. That deadline passed, and the court need not wait further for an objection.

As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),

> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.
>
> * * *
>
> Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)© simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

Indeed, at least one learned Sixth Circuit panel has held that undertaking *de novo* review of an R&R in the absence of proper objection is not only unnecessary but also *inappropriate*. *See Curry v. City*

3

*of Mansfield, Ohio / Wastewater Treatment Plant*, 201 F.3d 440, 1999 WL 1206227, *1 (6th Cir. Dec. 8, 1999) (p.c.) (Ryan, Suhrheinrich, Chief D.J. Bell) (faced with unavailing general objections, "[t]he district court's *sua sponte de novo* review duplicated the work of the Magistrate, contravening the purposes of the Magistrate's Act . . . . To permit an appeal would violate this court's clearly established waiver rule and would further frustrate the purpose of the Federal Magistrate's Act."), *cited by Marr v. Foy*, – F. Supp.2d –, 2010 WL 489535 (W.D. Mich. Feb. 2, 2010) (Maloney, C.J.).[1]

For the reasons explained by the R&R, substantial evidence supported the ALJ's conclusion

---

[1]

As the Supreme Court has said,

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." *Thomas*, 474 U.S. at 150. *See also Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion."); *Coots v. Astrue*, 2009 WL 1326260 (E.D. Ky. May 12, 2009) (Van Tatenhove, J.) ("When no objections are made, this court is not required to review a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard . . . .").

Accordingly, judges in our district consistently adopt R&Rs without additional analysis where the parties have not timely and specifically objected. *See, e.g.,*

*Stevenson v. Pramsteller*, 2009 WL 1883878 (W.D. Mich. June 30, 2009) (Bell, J.)
*Banks v. Davis*, 2009 WL 1874093 (W.D. Mich. June 26, 2009)   (Quist, J.)
*Martin v. Smith*, 2008 WL 4151352 (W.D. Mich. Sept. 3, 2008)   (Enslen, J.)
*Lewis v. SSA*, 2008 WL 3875403 (W.D. Mich. Aug. 15, 2008)   (Maloney, C.J.)
*US v. Bale*, 2008 WL 4534420 (W.D. Mich. Oct. 2, 2008)   (Edgar, J.)
*Lee v. Caruso*, 2008 WL 2859212 (W.D. Mich. July 22, 2008)   (Miles, J.)
*Veltkamp v. SSA*, 528 F. Supp.2d 716, 718 n.2 (W.D. Mich. 2007) (Maloney, J.)
*US v. Hart*, 2005 WL 1308199 (W.D. Mich. June 1, 2005)  (McKeague, J.)
*US v. Corradini*, 1994 WL 447174 (W.D. Mich. Jan. 25, 1994)   (Gibson, C.J.)
*Gill v. HHS*, 1985 WL 71797 (W.D. Mich. Feb. 27, 1985)   (Suhrheinrich, J.).

*Accord Schlatter v. Jeffries*, 2009 WL 73736 (N.D. Ohio Jan. 8, 2009) (Ann Aldrich, J.).

that Lucas's two severe impairments – osteoarthritis and a back disorder – did not render her disabled between her alleged onset date (September 1, 2003) through her date last insured. The Magistrate correctly explains why the record supports the ALJ's step-four determination that Lucas had the residual functional capacity to perform a limited range of light work, including her past relevant work as a daycare worker, bartender, and caterer. Likewise, the Magistrate cogently explains why the record supported the ALJ's step-five determination that Lucas, although of "advanced age" under 20 C.F.R. § 404.1563(d) (fifty-six years old), had more than a high school education as well as transferable job skills in business management, accounting, and customer service, which the vocational expert reasonably opined enabled her to do more than 26,000 jobs in Michigan, which is a significant number.

## ORDER

Accordingly, having reviewed the complaint, the parties' briefs, and the R&R, and having received no objections:

The R&R [document # 16] is **ADOPTED**.

The Commissioner's denial of disability benefits is **AFFIRMED**.

The complaint is **DISMISSED.**

This case is **TERMINATED** and **CLOSED**.

The separate judgment required by FED. R. CIV. P. 58 shall issue contemporaneously.

**This order is final, but it is not appealable.** See Southall v. City of Grand Rapids, 2008 WL 3739163, *3 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing Harris v. Detroit Pub. Schs., 245 F. App'x 437, 442 n.6 (6th Cir. 2007) ("[A] party's failure to object to the recommendations of

a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981))); *see also Robinson v. Bergh*, 2009 WL 33479, *4 (W.D. Mich. Jan. 5, 2009) (Edgar, J.) (citing *Thomas* and *Walters*).[2]

**IT IS SO ORDERED this 27th day of July 2010**.

                                            /s/ Paul L. Maloney
                                            Honorable Paul L. Maloney
                                            Chief United States District Judge

---

[2] *See Schrader v. SSA*, 2008 WL 360649, *3 & n.5 (W.D. Mich. Feb. 7, 2008) (Maloney, J.) (citing, *inter alia*, *Ramjit v. Moore*, 243 F. App'x 103, 104 (6th Cir. 2007) (p.c.) (Gilman, Gibbons, Griffin) ("respondent waived this issue due to his failure to object on this ground to the [R&R]") (citing *Thomas*, 474 U.S. at 155)).

*See also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's [R&R]. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default."); *US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence."); *Adkins v. UMWA*, 1995 WL 44630, *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).